FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

00 APR -7 P.

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| RANDY LEE MATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 99-PT-2291-M |
| ) | |
| WARDEN RON JONES, ASSISTANT ) | |
| WARDEN ARCHER, ARCHER GARRETT, ) | |
| CAPTAIN ROBERT SIMMONS, LT. DAVID ) | |
| BRACKNELL, SERGEANT ROYCE BROWN, ) | |
| OFFICER JACK MASHBURN, OFFICER ) | |
| CHARLES TIPTON, and THE ALABAMA ) | |
| DEPARTMENT OF CORRECTIONS, ) | ENTERED |
| ) | |
| Defendants. ) | APR 7 2000 |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 17, 2000, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on March 31, 2000.

Plaintiff reiterates the claims he made in his original complaint and contends that additional discovery would have shown that the officers conducted a shakedown of his cell which violated prison rules and regulations. The mere fact that agency regulations or procedures have been violated does not by itself raise a constitutional issue. *United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *Caruth v. Pinkney*, 683 F.2d 1044 (7th Cir. 1982), *cert. denied*, 459 U.S. 1214 (1983); *Dowdy v. Johnson*, 510 F.Supp. 836, 838 (E.D. Va. 1981). Likewise, plaintiff cannot claim a constitutional violation based on a theory that defendants violated state law. *Colon v.*

30

*Schneider*, 899 F.2d 660 (7th Cir. 1990). Furthermore, the Supreme Court has had that "prisoners have no legitimate expectation of privacy" in a prison cell, thus there is on Fourth Amendment protection against an unreasonable search. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984).

Plaintiff seeks compensation for the items that he claims were his, however, in neither his response to the defendant's motion for summary judgment nor in his objections to the magistrate judge's report and recommendation, does plaintiff address the defendants statement that plaintiff failed to produce a store slip to show that he purchased the item legally, or a package slip to show that he received the item in a Christmas package. According to the defendants, all confiscated items were returned to the inmate who produced such proof.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 7th day of April, 2000.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE